UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**JAMES L. SIMS, JR.,**

 Plaintiff,

v.                                                                  **No. 4:22-cv-0390-P**

**FNU LOVE,**
**ET AL.,**

 Defendants.

## OPINION AND ORDER

Came on for consideration the motion of Defendant Lex Love for summary judgment. The Court, having considered the motion, to which Plaintiff has not responded, the record, and applicable authorities, finds that the motion should be **GRANTED**.

## BACKGROUND

Plaintiff, James L. Sims, Jr., then a pretrial detainee at the Wise County Detention Center, filed a civil rights action under 42 U.S.C. § 1983. ECF No. 1. The Court required that he file an amended complaint using the proper form, ECF No. 4, and he did so. ECF No. 7. His amended complaint named Love, the Wise County Sheriff's Department, and Lane Akin, Sheriff, as Defendants. The Court required Plaintiff to file a more definite statement including answers to questions posed by the Court. ECF No. 10. Plaintiff complied. ECF No. 11. The Court then engaged in the screening process as required by 28 U.S.C. § 1915A, ordering that Plaintiff's claims against the Wise County Sheriff's Office and Lane Akin be dismissed, and allowing Plaintiff to proceed with his claims against Love. ECF Nos. 12, 13.

Defendant Love seeks judgment as a matter of law based on the defense of qualified immunity. In addition, he maintains that because

Plaintiff was not injured as a result of the use of pepper spray, he cannot pursue damages in that regard. ECF No. 26.

## APPLICABLE LEGAL PRINCIPLES

### A. Summary Judgment

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if it could change the outcome of the litigation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And a dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The Court views the evidence in the light most favorable to the nonmovant but need not comb through the record in search of evidence creating a genuine issue of material fact. *See Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). Moreover, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### B. Qualified Immunity

Qualified immunity insulates a government official from civil damages liability when the official's actions do not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). For a right to be "clearly established," the right's contours must be "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Individual liability thus turns on the objective legal reasonableness of the defendant's actions assessed in light of clearly established law at the time. *Hunter v. Bryant*, 502 U.S. 224, 228 (1991); *Anderson*, 483 U.S. at 639–40. In *Harlow*, the Court explained that a key question is "whether that law was clearly established at the time an action occurred" because "[i]f the law at that time was not clearly established, an official could not reasonably be expected to anticipate

2

subsequent legal developments, nor could he fairly be said to 'know' that the law forbade conduct not previously identified as unlawful." 457 U.S. at 818. More recently, the Court has clarified that the "violative nature of the *particular* conduct [must be] clearly established." *Mullenix v. Luna*, 577 U.S. 7, 12 (2015)

In assessing whether the law was clearly established at the time, the court is to consider all relevant legal authority, whether cited by the parties or not. *Elder v. Holloway*, 510 U.S. 510, 512 (1994). If public officials of reasonable competence could differ on the lawfulness of the defendant's action, the defendant is entitled to qualified immunity. *Mullenix*, 577 U.S. at 11; *Malley v. Briggs*, 475 U.S. 335, 341 (1986); *City of Arlington v. Fraire*, 957 F.2d 1268, 1273 (5th Cir. 1992). "[A]n allegation of malice is not sufficient to defeat qualified immunity if the defendant acted in an objectively reasonable manner." *Malley*, 475 U.S. at 341. As the Supreme Court explained:

> The qualified immunity standard "gives ample room for mistaken judgments" by protecting "all but the plainly incompetent or those who knowingly violate the law." *Malley*, [475 U.S.] at 343. . . . This accommodation for reasonable error exists because "officials should not err always on the side of caution" because they fear being sued.

*Hunter*, 502 U.S. at 229. Further, that the officer himself may have created the situation does not change the analysis. That he could have handled the situation better does not affect his entitlement to qualified immunity. *Young v. City of Killeen*, 775 F.2d 1349, 1352–53 (5th Cir. 1985).

As for a pretrial detainee's excessive force claim, the Supreme Court has determined that an objective standard applies. *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015). That is, the pretrial detainee need only show that the force purposely or knowingly used against him was objectively unreasonable. *Id.* The court makes this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not in hindsight. *Id.* "The calculus of reasonableness must embody allowance for the fact that [] officers are often forced to make split-second judgments—in circumstances that are

tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Graham v. Connor*, 490 U.S. 386, 396–97 (1989). The court must defer to policies and practices that in the judgment of jail officials are needed to preserve order and discipline and maintain institutional security. *Kingsley*, 576 U.S. at 397. Factors that may bear on the reasonableness of the force used include:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Id.*

In sum, to prevail when a defense of qualified immunity is asserted, the plaintiff must show (1) what the clearly established law at the time required in the particular circumstances and (2) that the defendant violated that clearly established law. The court may rest its analysis on either prong. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Both must be satisfied and if the plaintiff fails to establish one, the court need not consider the other. *Dyer v. Houston*, 964 F.3d 374, 380 (5th Cir. 2020); *King v. Handorf*, 821 F.3d 650, 653 (5th Cir. 2016). A plaintiff does not satisfy his burden by conclusory allegations based on speculation or unsubstantiated assertions of wrongdoing; he must point to specific evidence in the record. *Mitchell v. Mills*, 895 F.3d 365, 370 (5th Cir. 2018); *Williams-Boldware v. Denton Cnty.*, 741 F.3d 635, 643–44 (5th Cir. 2014).

## UNDISPUTED FACTS

The record establishes the following undisputed facts:

Plaintiff was an inmate at the Wise County Jail. On November 19, 2021, Plaintiff was being held in a "detox" cell as he awaited a dentist appointment. When he put another inmate in the cell with Plaintiff, Love noticed a medical clipboard and pen that he believed had been left behind by medical staff. Love took the clipboard. Plaintiff repeatedly asked for Love to return it because it had his medical paperwork on it.

Plaintiff was angry and yelling at Love for failing to return the paperwork. Plaintiff put his foot in the cell door to prevent Love from closing it. Love told Plaintiff at least twice to move his foot and Plaintiff refused to do so because Love had not recognized his request for his paperwork. Love cautioned Plaintiff to move his foot or he would be pepper sprayed. Plaintiff again asked for his paperwork and Love sprayed him with pepper spray. Plaintiff immediately threw his hands up and ducked to the left. Love shut the cell door, which caught Plaintiff's finger. Plaintiff noticed the bone hanging out of his middle finger and pressed the call button for help. Neither Plaintiff nor Love recognized that Plaintiff's finger was in the doorframe when the door was shut. ECF 11; ECF 26, Ex. A.

## ANALYSIS

Jail officials are justified in using force in a good-faith effort to maintain or restore discipline when a prisoner refuses to cooperate with directives. *Gonzales v. Rowe*, No. 5:20-CV-052-BQ, 2020 WL 4811005, at *3 (N.D. Tex. July 27, 2020) (citing *Minix v. Blevins*, No. 6:06-CV-306, 2007 WL 1217883, at *24 (E.D. Tex. Apr. 23, 2007) (even when prisoner believes an order is unjustified or improper, he does not have the right to disobey); *Calhoun v. Wyatt*, No. 6:11-CV-4, 2013 WL 1882367, at *6 (E.D. Tex. May 2, 2013). In particular, courts have consistently concluded that using pepper spray is reasonable where a plaintiff refuses to comply with directives. *See, e.g.*, *Thomas v. Cagel*, No. 4:21-CV-692-P, 2022 WL 17586547, at *7 (N.D. Tex. Oct. 17, 2022), *report and recommendation adopted*, 2022 WL 17584425 (N.D. Tex. Dec. 12, 2023), *appeal dism'd*, No. 23-10045, 2023 WL 4546548 (5th Cir. Feb. 22, 2023); *Piper v. Preston*, No. 5-15-CV-00771-FB-RBF, 2018 WL 3193819, at *6 (W.D. Tex. June 28, 2018); *Calhoun*, 2013 WL 1882367, at *6. Here, Plaintiff acknowledges that he refused to move his foot from the cell door after demand was made several times. He was pepper sprayed only after he refused to comply. He has not shown that use of pepper spray was objectively unreasonable.

As for the closing of the cell door on Plaintiff's hand, Plaintiff admits that after being sprayed, he immediately threw his hands up and ducked. ECF No. 11 at 1. He heard the cell door slam shut, then looked

5

up and realized that his hand had been caught in the door. *Id.* at 2. Plaintiff has not alleged facts to show, or come forward with any proof, that Love knew that Plaintiff's hand was in the door frame. Due process is not implicated by the accidental or negligent use of force. *Kingsley*, 576 U.S. at 396; *Greer v. Fowler*, No. 4:19-CV-1017-P, 202 WL 2745544, at *2 (N.D. Tex. May 27, 2020). Here, the evidence establishes that Love was simply closing the cell door after Plaintiff ceased blocking it with his foot.

Because Plaintiff has failed to overcome either prong of the qualified immunity defense, Love is entitled to judgment and the Court need not consider the other ground of the motion.

### ORDER

The motion for summary judgment is **GRANTED**; Plaintiff takes nothing on his claims against Love; and Plaintiff's claims are **DISMISSED with prejudice**.

**SO ORDERED** on this **5th day** of **September 2023.**

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE